## Treasurers of School Districts.

O'HARA, Dep. Att'y-Gen., Dec. 12, 1929.—Replying to your request to be advised whether a corporation, bank or trust company may be elected treasurer of a school district: Sections 303, 303 (a), 326, 332, 509 and 519 of the Act of May 18, 1911, P. L. 309, as amended by the Acts of May 20, 1921, P. L. 972, May 9, 1923, P. L. 178, June 18, 1923, P. L. 839, and April 7, 1927, P. L. 170, are material, or, in our opinion, throw some light upon the question submitted.

While the School Code provides that the treasurer of the district shall be a member of the sinking fund committee, it makes no provision for membership on this important committee if such treasurer were a bank, trust company or corporation.

The School Code further provides, in section 332, that if any school treasurer shall convert the moneys of the district to his own use, etc., or shall prove to be a defaulter, etc., such act shall be deemed and adjudged to be an embezzlement, and provides a penalty, upon conviction thereof, of a fine or imprisonment, but makes no provision for the punishment of any officer or agent of a corporation embezzling funds of a school district in the corporation's custody as treasurer of the district.

Section 326 provides that "every person" elected as treasurer shall furnish a bond. Section 303 (a) provides that the same person shall not be secretary and treasurer of any board in districts of the second class; that in districts of the third and fourth class, they may be members of the board, and in districts of the first class, they shall elect the treasurer of the city as school treasurer.

There is nothing in the School Code which expressly or by implication indicates the intention to permit artificial persons to hold office in the school system, or warrants an extension of the words "person" and "he," used in the sections above noted, to include a corporation.

". . . although it cannot be denied but that the bank, being a corporation, and therefore a person in contemplation of law, may be included by the use of the term 'person,' yet, in the construction of statutes, the terms or language thereof are to be taken and understood according to their ordinary and usual signification as they are generally understood among mankind, unless it should appear from the context and other parts of the statute to have been

intended otherwise; and, if so, the intention of the Legislature, whatever it may be, ought to prevail. Therefore, in the case before us, the term 'person,' being generally understood as denoting a natural person, is to be taken in that sense, unless from the context or other parts of the act it appear that artificial persons, such as corporations, were also intended to be embraced. Besides, it has generally, if not universally, been the case that the Legislature, in passing acts, when it was intended that the provisions thereof should extend to corporations as well as to individuals, designate specifically so as to leave no room for doubt: . . ." School Directors *v.* Carlisle Bank, 8 Watts, 289, 291.

This case was commented on in Philadelphia Saving Fund Society *v.* Yard, 9 Pa. 359, where it was said: ". . . And although there are some of the *dicta* in that case which I apprehend do not meet the entire approbation of this court, yet the exact point ruled, that is, that the word person does not usually include corporations when used in statutes or common parlance, although in its legal import it embraces them, is well, and of good authority. . . ."

Unless otherwise specifically provided, the officers of the public school system must be individuals, citizens and residents of the district. Had the Legislature intended that the duties of treasurer of a school district might be discharged by a corporation, bank or trust company, it could have so provided, but, in the absence of such express legislation, we are of the opinion, and so advise, that a corporation, bank or trust company may not serve as treasurer of a school district.

From C. P. Addams, Harrisburg, Pa.